In re STORM'S ESTATE.

ALEXANDER, Respondent, v. STORM, Appellant.

(250 N. W. 372.)

(File No. 7490. Opinion filed October 9, 1933.)

C. O. Trygstad and Philo Hall, both of Brookings, for Appellant.

*Wallace E. Purdy,* and *E. A. Berke,* both of Brookings, for Respondent.

POLLEY, J.   Robert A. Storm died testate, and thereafter on the 30th of April, 1931, Emma L. Storm was appointed executrix of decedent's last will and testament.   Thereafter, and on the 12th of October, 1931, the plaintiff, Rufus C. Alexander, filed a petition in the said county court, asking that defendant's letters testamentary be revoked.   The ground upon which such revocation was asked was that during his lifetime and at the time of his death the said decedent was insolvent; that he was indebted to plaintiff and after his death his estate was indebted to plaintiff in a sum of money in excess of $1,000.00; that prior to the death of decedent, and while he was insolvent, he purchased life insurance to the extent of something like $12,000, all of which was made payable to his wife, the defendant in this action.   That within a very few days prior to the death of decedent, and while he was insolvent as aforesaid, he executed and delivered to defendant conveyances of a considerable amount of real estate; that the defendant, after the death of decedent, collected all of the said life insurance, and·that she did not include any of the proceeds of such life insurance nor any of the said real property in her inventory of the said estate.   Plaintiff claims that in retaining said real estate and such life insurance money defendant has defrauded the creditors, of whom plaintiff is one, of the said estate and is no longer competent to act as executrix thereof.

The defendant demurred to plaintiff's petition and such demurrer was sustained by the county court.   From the order sustaining said demurrer, the plaintiff took an appeal to the circuit court. Defendant moved to dismiss said appeal on the ground that the said order was not an appealable order.   This motion was overruled by the circuit court, and upon hearing, the circuit court reversed the order of the county court wherein the county court sustained defendant's demurrer to plaintiff's petition.   From the order reversing said order of the county court, the defendant appeals to this court.

Many alleged errors are assigned, all of which have been carefully and ably argued by counsel for both parties.   But in our view a consideration of these questions is wholly unnecessary

to a disposition of this appeal. The petition states no ground for the revocation of defendant's letters testamentary.

If plaintiff has a claim against the estate of the deceased, his remedy is a suit in circuit court against said estate in which defendant individually should be joined as a defendant. If the court finds that Mrs. Storm has property in her possession that is properly applicable to the payment of decedent's debts, the court has the power to see that such property is so applied.

The demurrer to plaintiff's petition was properly sustained and the petition should have been dismissed.

The order appealed from is reversed, and the trial court is directed to dismiss the petition.

RUDOLPH, P. J., and ROBERTS and WARREN, JJ., concur.

CAMPBELL, J. (concurring specially). I concur in the result reached by the foregoing opinion, because I believe that an order of county court sustaining a demurrer to a petition for removal of an executrix is not an appealable order within the provisions of section 3550, Rev. Code 1919, as amended by chapter 97, Laws 1931.